UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>LARRY DEAN SCHONEBOOM,<br><br>Debtor | Chapter 7<br><br>Bankruptcy No. 24-00343 |

## OPINION AND ORDER ON TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS

This matter came before the Court for an in-court hearing on August 15, 2024, on Trustee's Objection to Debtor's Claim of Exemptions (Doc. 13). Wilford Forker appeared with Debtor. Nicole Hughes appeared as Chapter 7 Trustee. The Court heard argument and took the matter under advisement. Simultaneous briefs were due on August 23, 2024. This is a core proceeding under 28 U.S.C. § 157(b)(2).

### I. BACKGROUND/STATEMENT OF THE CASE

Debtor filed his Chapter 7 Petition and Schedules on April 18, 2024. On Schedule B, he listed his interest in "Machinist Tools" and valued them at $7,000. Debtor claimed the Machinist Tools exempt in Schedule C pursuant to Iowa Code §627.6(11). The meeting of creditors was held on May 20, 2024. On June 12, 2024, the Trustee filed an Objection to Debtor's Claim of Exemptions (Doc. 13).

### II. FINDINGS OF FACT

Before his retirement in 2016, Debtor worked as a machinist for much of his life. He chose to retire in 2016 for financial reasons and began drawing social security. Debtor is no longer able to get by on social security alone and claims that he intends to return to work as a machinist "on the side" to supplement his income. Debtor has offered no evidence that he has taken steps to return to work. He has claimed the following "tools of the trade" as exempt and estimated the value of each:

1. 1960s Rockford Lathe – $250
2. 1940s Mill/Drill – $1000
3. 1980s Small Lathe – $500
4. 1960s Turret Lathe – $750
5. 1980s Toolbox – $750
6. 1960s Horizontal Mill – $500
7. 1980s Drill Press – $500
8. 1980s Drill Press – $150

Debtor testified that some of the tools and equipment were non-working and would need substantial repairs—repairs that would likely cost the same or more than the equipment is worth. There is no evidence that he has made any repairs or has the resources to make the repairs. Trustee objects on the ground that Debtor was not working as a machinist at the time the petition was filed.

### III. CONCLUSIONS OF LAW/DISCUSSION

Section 522(b)(3)(A) of the Bankruptcy Code permits a debtor to claim as exempt from the bankruptcy estate:

> … any property that is exempt under Federal Law, other than subsection (d) of this section, or State or local law that is applicable on the date of filing of the petition at the place in which the debtor's domicile has been

2

located for the 730 days immediately preceding the date of the filing of the petition.

A state may opt out of the §522(d) exemptions, in which case a debtor "is limited to the exemptions applicable under federal law other than § 522(d) and the laws of such state and locality." Moon v. Hurd (In re Hurd), 441 B.R. 116, 119 (B.A.P. 8th Cir. 2010); 11 U.S.C. § 522(b)(2) and (3). Iowa has opted out and enacted its own set of exemptions. See Iowa Code § 627.10 (providing that an Iowa debtor "is not entitled to elect to exempt from property of the estate the property that is specified in 11 U.S.C. § 522(d)"). Iowa's exemption statute allows a debtor "engaged in any profession or occupation other than farming" to claim as exempt "the proper implements, professional books, or tools of the trade … not to exceed in value ten thousand dollars in the aggregate." Iowa Code § 627.6(11).

"Iowa exemption laws are to be liberally construed in favor of those claiming the benefit of such laws." In re Myers, 56 B.R. 423, 425 (Bankr. S.D. Iowa 1985) (citing Frudden Lumber Co. v. Clifton, 183 N.W.2d 201, 203 (Iowa 1971); Matter of Hahn, 5 B.R. 242, 245 (Bankr. S.D. Iowa 1980)). A debtor's claimed exemptions will be allowed unless the trustee or another interested party timely objects. In re Roberts, 443 B.R. 531, 537 (Bankr. N.D. Iowa 2010) (citing In re Meyer, 392 B.R. 416, 419 (Bankr. N.D. Iowa 2008); In re Hurd, 441 B.R. at 118; Fed. R. Bankr. P. 4003(c)). The objecting party then has the burden of proving that the exemption was

improperly claimed. Id. The validity of a claimed exemption is determined as of the date of filing the petition. 11 U.S.C. § 522(b)(3)(A).

Trustee objected to Debtor's "tools of the trade" exemption, arguing that he was not engaged in working as a machinist as of the date of filing the petition. Debtor does not dispute this. At the meeting of creditors, Debtor testified that he was "not in business"—that he had been retired for "a long time"—and had no income outside of social security. Debtor testified that he intends to resume working as a machinist to supplement his income but offered no other details on his plans. At issue is whether the Debtor's stated intent to resume working as a machinist after several years in retirement is sufficient to entitle him to Iowa's "tools of the trade" exemption.

This Court addressed a similar issue in In re Mausser, 225 B.R. 667 (Bankr. N.D. Iowa 1998). In that case, the debtors claimed an exemption under Iowa Code § 627.6(12), which provides that a debtor "engaged in farming" may claim exemptions for "implements and equipment reasonably related to a normal farming operation." Id. In determining whether the debtors were "engaged in farming", the Court considered "the intensity of debtors' past farming activities, the sincerity of their intentions to continue farming, and whether the debtors [were] legitimately engaged in a farming activity which currently and regularly use[d] the specific implements exempted." Mausser, 225 B.R at 671. "Debtors may still claim an exemption in farm

4

equipment if they have temporarily ceased farming as of the filing date, and if they intend to return to farming." Id. (citing In re Bishop, No. 93-60176LW, slip op. at 3 (Bankr. N.D. Iowa June 29, 1993); In re Indvik, 118 B.R. at 1005; Myers, 56 B.R. at 426; Pease v. Price, 69 N.W. 1120 (Iowa 1897); Hickman v. Cruise, 34 N.W. 316, 317 (Iowa 1887)). However, "their stated intent to resume farming must be bolstered by reasonable prospects that they will re-engage in farming." Id. "**[A] bare statement of intent is insufficient** and there must exist some objective facts to support this intent." Id. (emphasis added). Because the debtors could not show that they had taken any affirmative steps towards resuming farming operations, the Court ultimately concluded that they had "failed to establish a sincere intent based upon objective criteria sufficient to convince the Court that Debtors intend to return to any type of farming operation in the near future." Id. at 672.

This case also bears similarities to In re Clausen, 81 B.R. 519 (Bankr. S.D. Iowa 1988). The debtors had ceased farming operations eight years prior due to a downturn in the farm economy. Id. at 520. The debtors argued that this was a "temporary cessation of farming" and should not defeat their claimed exemption because they intended to return to farming within five to ten years. Id. at 521. The court noted that "[g]reat weight should be given to a debtor's statement of intention to resume farming," but ultimately found that the "time period stretches the notion

5

of 'temporary cessation' beyond reasonable limits," and sustained the creditor's objection. Id. at 521–22.

Mausser and Clausen are instructive here. Debtor was not working as a machinist at the time the petition was filed. He has been retired since 2016 (almost eight years) and has not used the tools or equipment to generate income in at least five years. During the August 15, 2024, hearing, Debtor admitted that some of the equipment is non-working or otherwise in need of repair. These repairs, he said, would likely cost the same as some of the equipment is worth. Outside of his testimony that he intends to return to work, Debtor has presented no evidence indicating that his return to work is a "reasonable prospect" or that he has taken any affirmative steps towards doing so. Debtor has not shown any "objective facts" that support his stated intent. See Mausser, 225 B.R at 672. In addition, Debtor has already been retired for at least eight years. It would take a significant amount of time and money to repair the equipment. Debtor has failed to show how he could get the repairs made or that he had any plan to do so. Debtor similarly failed to describe what his work might entail and whether he had any prospect of getting that work. Much like in Clausen, this lengthy break in employment "stretches the notion of 'temporary cessation' beyond reasonable limits." 81 B.R. at 521–22. For these reasons, Debtor may not claim the equipment exempt.

### IV. CONCLUSION

The Trustee has met her burden of proving that the exemption is not properly claimed. As such, the Debtor is not entitled to the "tools of the trade" exemption under Iowa Code § 627.6(11).

**WHEREFORE**, for the reasons set forth herein, the Trustee's objection to exemptions is **SUSTAINED**.

Ordered:
November 18, 2024

Thad J. Collins
Chief Bankruptcy Judge